Mark Sabitt
Spence and Sabitt LLP
747 Willamette Street
Eugene, OR 97401
Phone (541)343-9909
Fax (541)343-0014

Counsel for Michael Emry

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 6:16-MJ-56-JR |
| Plaintiff, ) | |
| ) | |
| vs. ) | MOTION TO REVOKE |
| ) | PRETRIAL DETENTION |
| Michael Emry, ) | ORDER AND FOR RELEASE |
| ) | FROM CUSTODY |
| Defendant. ) | |

Pursuant to 18 U.S.C. § 314(b), defendant Michael Emry, by and through his counsel, Mark Sabitt, hereby moves this Court for an order revoking the pre-trial order of detention, and for an order releasing the defendant pre-trial

Dated this 01 day of July, 2016.

_____
Mark Sabitt, OSB No. 89115

Page 1 of 1 –MOTION TO REVOKE PRETRIAL DETENTION ORDER

Mark Sabitt
Spence and Sabitt LLP
747 Willamette Street
Eugene, OR 97401
Phone (541)343-9909
Fax (541)343-0014

Counsel for Michael Emry

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 6:16-MJ-56-JR |
| Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER AND FOR RELEASE FROM CUSTODY |
| vs. ) | |
| Michael Emry, ) | |
| Defendant. ) | |

Preliminary Statement

Defendant Michael Emry, has been charged by Complaint, with Unlawful Possession of a Machine Gun and Unlawful Possession of a Firearm with an Obliterated Serial Number in violation of 26 U.S.C. Sections 5841, 5861(d) and 5871 and 18 U.S.C. Section 922(k). Mr. Emry was arrested in John Day, Oregon on May 6th, 2016. He first appeared before this court on May 9th, 2016, and, at that time, he was ordered detained as a risk to the safety of the community. Following a Detention Hearing on May 24, 2016, Defendant's detention was ordered continued also on grounds that there were no reasonable conditions to assure the safety

Page 1 of 9 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER

of the community. This court's Order of May 24, 2016 was specifically entered without prejudice to renew a request for Mr. Emry's pre-trial release at a later date.

Defendant respectfully submits the following information and authorities in support of his renewed request for pre-trial release. Specifically, Mr. Emry asks that this court reconsider its ruling that Mr. Emry would pose a risk to the community if he was to be released.

### Mr. Emry's Plan for Release

Since Mr. Emry last appeared before this court, his wife Becky Hudson has relocated the family's 5th wheel trailer to Crescent, Oregon. Although the location in Crescent is located in Klamath County, it is located a relatively short distance east of Willamette Pass, much closer to the pre-trial services office in Eugene and the Federal Court house, and a great distance from any concerns that the court and the Government expressed about Mr. Emry's release back to Grant County. Mr. Emry has employment in Crescent as a welder and fabricator for Scott DeCarlo and DeCarlo Inc., a business that works on heavy equipment, hydraulics and electrical equipment. In addition to his employment, Mr. Emry would be focused on providing financial and emotional support for his wife and assisting his defense team in preparation for trial. This information has been provided to pre-trial services, hopefully for follow up contact for the court.

### Applicable Law

*The Basic Framework*

The Bail Reform Act, 18 U.S.C. § 3142(b), creates a presumption for release on one's own personal recognizance unless the judicial officer finds that release will not reasonably assure the appearance of the person as required, or will endanger the safety of the community or any person. If the Court determines that recognizance release will not reasonably ensure both the defendant's appearance and the safety of the community, §3142(c) directs the Court to



SPENCE & SABITT
ATTORNEYS AT LAW, LLP

747 Willamette St.
Eugene, OR 97401

541-343-9909
Fax 343-0014

Page 2 of 9 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER

release the person on "the least restrictive" condition or set of conditions. Detention is appropriate only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(f).

### The Government's Burdens

In seeking detention, the government bears the burden of proof as to both risk of flight and danger in the community. The standards of proof differ for each prong; the government must establish flight risk by preponderance of the evidence and danger by clear and convincing evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.3d 1403, 1406 (9th Cir. 1985).

### Danger to Community

"There is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or persons. It is with respected to this limited group of offenders that the court must be given the power to deny release pending trial." 1994 U.S.C.C.A.N. 3182, 3189 (emphasis added). A defendant cannot be detained as dangerous under §3142(e) unless a finding is made that no release condition "will reasonably assure…the safety of the community…" Such finding cannot be based on evidence the defendant has been a danger in the past except insofar as the past suggests future misconduct. *U.S. v. Dominguez*, 783 F2d 702 (7th Cir. 1986); *U.S. v. Leibowitz*, 652 F. Supp. 591 (N.D. Ind. 1987) (defendant took steps toward second attempted murder for hire). Consequently, any evidence favorable to a defendant can affect the operation of the presumptions, including evidence of family and employment status, ties to the community and a clear record.

Page 3 of 9 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER

Clear and convincing evidence of danger may be shown if the defendant was on parole with three prior convictions for violent offenses and in possession of firearms at the time of his arrest, *U.S. v. Simpkins*, 826 F.2d 94 (D.C. Cir. 1987); if the defendant had made threats to witnesses, *U.S. v. Coonan*, 826 F2d 1180 (2d Cir. 1987); if the government proves the existence of large-scale drug trafficking operation that has the ability to continue to function while the defendant awaits trial, *U.S. v Sazenski*, 806 F.2d 846 (8th Cir. 1986); and where evidence presented that defendant had nine priors, including assaultive behavior and drugs, and was in possession of a partially loaded firearm designed to maim or kill, *U.S. v Bayko*, 774 F2d 516 (1st Cir. 1985); evidence of prior criminal record including use of firearms, *U.S. v. Warren*, 787 F.2d 1237 (8th Cir. 1986); and where evidence was presented that defendants were veteran drug traffickers with prior felony drug convictions and prior convictions involving dangerous weapons, *U.S. v. William*, 753 F.2d 329 (4th Cir. 1985). The possession of guns alone should not constitute clear and convincing evidence of danger, *U.S. v. Jeffries*, 679 F. Supp. 1114 (M.D. Ga. 1988).

Only where there is a "strong probability that a person will commit additional crimes if released is the community safety interest sufficiently compelling to overcome the criminal defendant's right to liberty. *U.S. v. Ploof*, 881 F2d 7(1st Cir. 1988). The statute requires that the facts the judicial officer uses to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or community be supported by clear and convincing evidence. The District Court decision in *U.S. v. Fatico*, 458 F. Supp. 388(E.D.N.V. 1978) affirmed 60 F. 2d 1052 (2d Cir. 1979) described clear and convincing evidence as above 70 percent certain. This quantification was neither affirmed nor rejected in the circuit court's decision. *Fatico* 458 F. Supp. 388.

In *United States v. Bell*, 672 F. Supp. 1429 (E.D. Mich. 1987) the court accepted the following definition of "clear and convincing":

Page 4 of 9 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER

> [W]itness to a fact must be found to be credible and the facts to which they testified are distinctly remembered and the details thereof narrated exactly and in due order, so as to enable the trier of fact to come to a clear conviction without hesitancy of the truth precise facts in issue.

### Factors Weighing On the Release Decision

Factors to be considered by the Court in assessing release or detention include: the nature and circumstances of the alleged offense; the weight of the evidence; the history and characteristics of the person; and the risk of danger to any person or the community in general. 18 U.S.C. § 3142(g).

### The Nature and Circumstances of the Offense
### And the Weight of the Evidence

The circumstances and nature of the offense are described in the Complaint and the Affidavit submitted in support thereof and were outlined for the court by the Government's proffer at the May 24, 2016 hearing.

On May 6th, 2016, law enforcement officers executed a Search Warrant on Mr. Emry's 5th wheel trailer, truck and automobile, which were located at that time in John Day, Grant County, Oregon. According to the case agent's report of the arrest and subsequent interview of Mr. Emry, Emry volunteered to the case agents, when the warrant was executed, that they would find an AK 47 pistol and M2 Machine Gun located next to and underneath the bed in his trailer. Mr. Emry also told the agents that the AK 47, which is a legal firearm and was legally possessed by Mr. Emry at the time, was not fully functional and that it would not cycle after it was fired. He also told agents that the machine gun had a problem with its firing pin and would likely explode if it was fired. The case agents also located a blasting cap in Mr. Emry's trailer. It is significant to note that no ammunition for the M2 was found. No belts that are necessary



747 Willamette St.
Eugene, OR 97401

541-343-9909
Fax 343-0014

Page 5 of 9 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER

for firing the "belt fed" M2 were found, no explosives that might have been associated with the blasting cap were located either.

The Government has conceded that the source of the information it has about what Mr. Emry's intentions were with the M2, comes from an individual who is a felon and a known liar who has been described by an FBI case agent as "dishonest and unreliable". The full facts, as the government has represented them to the magistrate and otherwise to date, regarding the confidential witness are described in the Affidavit which was submitted in support of the search warrant herein. To some significant degree, the weight of the Government's evidence against Mr. Emry is based upon the statements of this witness. To the best of counsel's knowledge, the affidavit of probable cause for the search of Mr. Emry's truck and trailer is still under seal. It is respectfully requested that the court examine this affidavit carefully as counsel will refer to it in detail at the hearing.



## The Nature of Risk to the Public by
## the Defendant's Release

The Government has described its concern regarding Mr. Emry's risk to the safety of the community if he is released from custody, as fear that some harm will result to the confidential witness. A portion of this concern is attributed to the statements of the confidential witness and a portion to the statements of Mr. Emry on the jail phone since he has been in custody, which were summarized for the court by the Government's case agent. Specifically, the statement that the "CW ain't going to escape this one" is a statement that is capable of a construction that was and is understandably of concern to the court.

As the court is aware, Mr. Emry is a self-styled journalist who has organized, established and written articles for and published an online, media resource The Voice of Idaho (TVOI). He was also in the process of helping to establish a similar media resource in Grant

Page 6 of 9 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER

County, The Voice of Grant County (TVGC). It is fair to characterize both TVOI and TVGC as alternative media sources to mainstream newspapers and other more traditional news resources that publish an alternative viewpoint on daily events, particularly those involving the federal government. TVOI and TVGC operate legally and enjoy a First Amendment privilege to publish their viewpoints about, and distrust of the federal government. TVOI and TVGC <u>do not</u> advocate violence, overthrow of the Government or any other illegal activity. Each of the statements attributed to the recorded conversations of Mr. Emry regarding the CW are reasonably explained as his warning to his coworkers at TVOI and TVGC that the CW is not to be trusted as an advocate for TVOI, TVGC or any other shared activity. By the CW's own statements, he is or was a regular attendee at meetings related to TVGC. Mr. Emry's statements about the CW are warning that CW is a known scoundrel with a criminal past who is not to be trusted. These are not threats of harm to the CW or an attempt to encourage anyone else to harm the CW.

Assuming, for argument's sake only, that Mr. Emry's release to Grant County posed some threat to the CW, he has now moved his residence to a location that is more than 150 miles away from John Day. Clearly the court could impose conditions of release that prohibit travel to Grant County and contact with or concerning the CW.

### This History and Characteristics of the Defendant

Mr. Emry is 54 years old, he is married and has been for 2 ½ years and he moved to Grant County, Oregon from Boise Idaho in March of 2016. Mr. Emry lived in Boise, Idaho from 2002 through early 2016. He is customarily employed as a mechanic and a gunsmith. He is well known and highly regarded for his skills as a gunsmith. He has been employed in this

capacity as a consultant for motion pictures, and he has worked on restoring antique firearms for museums and historical societies.

More recently, Mr. Emry has been employed as a journalist for alternative, online media news websites both in Idaho and in Grant County. Mr. Emry has never been associated with any so called militia groups. He does not drink or use controlled substances. He has never been referred for or required mental health treatment.

## Conclusion

Mr. Emry has a single criminal conviction for a misdemeanor bad check charge many years ago. He served his country both in the U.S. Army and in the Navy. He received his G.E.D. in the Navy in 1980. Mr. Emry is no danger to the community or to any witness in this case. In any other case charging a Class C Felony to a 54 year old man with no significant criminal history, no history of violence, no mental illness or drug and alcohol concerns, a stable place to live and employment available to him, the Government would concede the defendant is not a danger. The charge and circumstance surrounding the charge are what arguably makes this case different from any other Class C Felony. The attention generated by the occupation of the Malheur Wildlife Refuge, the death of LaVoy Finnicum and the contentious political climate particularly in law enforcement in Grant County have impacted the Government's perceptions regarding Mr. Emry and his activities. He simply was not involved in the occupation of the Malheur Refuge and he is not charged with having been involved. His activities in Grant County and in Idaho before are constitutionally protected expressions of Mr. Emry's rights to freedom of speech and freedom of the press. The fact that Mr. Emry has skills and has found employment in the past as a mechanic and a talented gunsmith should work to his advantage, not his disadvantage in the Court's consideration of the release criteria. It is respectfully requested that the court reject these arguments and find that the Government has

Page 8 of 9 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER

failed to meet its burden to show that Mr. Emry is either a risk to fail to appear or a danger to the community.

Respectfully submitted this ___ day of July, 2016.

_____
Mark Sabitt, OSB#89115
Attorney for Defendant



747 Willamette St.
Eugene, OR 97401

541-343-9909
fax 343-0014

Page 9 of 9 – MEMORANDUM IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER